NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 251288-U

NO. 4-25-1288

IN THE APPELLATE COURT

FILED
July 16, 2026
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| *In re* the Matter of the Rose F. Flock December 1984 Trust and the Richard R. Flock December 1984 Trust | ) ) ) | Appeal from the Circuit Court of Pike County |
| (JOHN D. COONROD, as Trustee of the Rose F. Flock December 1984 Trust and as Trustee of the Richard R. Flock December 1984 Trust, | ) ) ) ) | No. 25MR9 |
| Petitioner and Counterrespondent-Appellee, | ) | |
| v. | ) | Honorable |
| RICHARD C. FLOCK, | ) | John Frank McCartney, |
| Respondent and Counterpetitioner-Appellant). | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice Steigmann and Justice Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed, concluding the circuit court did not err in declaring the trusts valid.

¶ 2    Respondent and counterpetitioner, Richard C. Flock (Clay), appeals the circuit court's judgment declaring the Rose F. Flock December 1984 Trust and the Richard R. Flock December 1984 Trust (Trusts) to be valid land trusts. On appeal, Clay argues this court should reverse the circuit court's judgment and declare the Trusts void because they fail to contain provisions requiring their termination after a definite number of years. For the reasons that follow, we affirm the circuit court's judgment.

¶ 3                               I. BACKGROUND

¶ 4    In December 1984, Rose and Richard Flock created the Trusts. The Trusts contain

certain real estate located in Pike County. They name petitioner and counterrespondent, attorney John D. Coonrod, as trustee. They name Rose and Richard as beneficiaries.

¶ 5 The Trusts set forth instructions concerning termination. Each provide for termination "after the death of the later of the beneficiaries herein stated." The Trusts also set forth instructions concerning the distribution of the Trusts' property at termination. They initially provided the property was to be distributed to Thomas O. Flock and Clay. They were later amended to provide the property was to be distributed solely to Thomas.

¶ 6 Richard enjoyed the benefits of the Trusts until his death in February 1988. Rose then did the same until her death in December 2024.

¶ 7 Following the death of Rose, Coonrod and Clay sought judicial declarations related to the Trusts. Clay sought, in part, a declaration the Trusts were void because they fail to contain provisions requiring their termination after a definite number of years. Coonrod, in response, argued the Trusts did not require such a provision to be valid. After considering the arguments, the circuit court entered judgment declaring the Trusts valid.

¶ 8 This appeal followed.

¶ 9 II. ANALYSIS

¶ 10 On appeal, Clay argues this court should reverse the circuit court's judgment and declare the Trusts void because they fail to contain provisions requiring their termination after a definite number of years. Coonrod disagrees, maintaining no such provision is required.

¶ 11 It is undisputed the issue presented in this appeal is subject to *de novo* review. At issue is whether a land trust needs a provision requiring its termination after a definite number of years to be valid. This is a question of law, subject to *de novo* review. See *People v. Morgan*, 2025 IL 130626, ¶ 22. *De novo* review means we perform the same analysis a circuit court would

perform and give no deference to the court's conclusions or specific rationale. See *Blagden v. McMillin*, 2023 IL App (4th) 220238, ¶ 40.

¶ 12 "An Illinois land trust is an arrangement under which legal and equitable title to real property is held by a trustee and the interest of the beneficiary is personal property." (Internal quotation marks omitted.). *FirstMerit Bank, N.A. v. Soltys*, 2015 IL App (1st) 140100, ¶ 19. The land trust beneficiary generally "reserves the full management and control of the property." *Alward v. Jacob Holding of Ontario LLC*, 2019 IL App (5th) 180332, ¶ 17.

¶ 13 The rule against perpetuities is applicable to land trusts created prior to 1998. *Robinson v. North Pond Hunting Club*, 382 Ill. App. 3d 888, 892-93 (2008). That rule provides " 'that an interest sought to be devised to be good must vest, if at all, not later than twenty-one years and nine months after some life or lives in being at the creation of the interest.' " *Id.* at 893 (quoting *Johnston v. Cosby*, 374 Ill. 407, 410 (1940)).

¶ 14 In support of his position that a land trust must contain a provision requiring its termination after a definite number of years, Clay primarily relies upon *Robinson*. He also asserts the form land trust set forth in *Kenoe on Land Trusts*, a treatise last published in 1989 by the Illinois Institute for Continuing Legal Education, garners support for his position. Henry W. Kenoe, Kenoe on Land Trusts § 2.3, at 2-10 to 2-16 (Ill. Inst. for Cont. Legal Educ. 1989).

¶ 15 We find *Robinson* does not support Clay's position. In that case, the Appellate Court, Fifth District, found a land trust to be invalid because, in part, it did not contain a "definite termination period." *Robinson*, 382 Ill. App. 3d at 892-93. The court explained the land trust— unlike the land trusts in this case—contained no provision for the trust's termination and, therefore, violated the rule against perpetuities. *Id.* Contrary to Clay's suggestion, *Robinson* did not hold a land trust must contain a provision requiring termination after a definite number of years to be

valid.

¶ 16 We similarly find the form land trust in *Kenoe* does not support Clay's position. While the form land trust contains a provision requiring termination after a definite number of years (20 years), that does not show such a provision is necessary for a land trust to be valid. See Henry W. Kenoe, Kenoe on Land Trusts § 2.3, at 2-14 (Ill. Inst. for Cont. Legal Educ. 1989). In fact, another section in *Kenoe*, the section that addresses the rule against perpetuities, notes the possibility of a termination provision "not specify[ing] a precise term." See Henry W. Kenoe, Kenoe on Land Trusts § 2.67, at 2-72 (Ill. Inst. for Cont. Legal Educ. 1989).

¶ 17 In sum, Clay has not provided any basis for this court to find a land trust must contain a provision requiring its termination within a definite number of years to be valid. We, therefore, decline to hold such a limitation exists. Absent any other argument, we conclude the circuit court did not err in declaring the Trusts valid.

¶ 18 III. CONCLUSION

¶ 19 For the reasons stated, we affirm the circuit court's judgment.

¶ 20 Affirmed.